IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WILLARD E. BERRY,
ADC #660408                                                                                          PLAINTIFF

V.                              3:15-cv-00228-KGB-JTK

ARKANSAS COMMUNITY CORRECTIONS, et al.                               DEFENDANTS

**ORDER**

The Court has received Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney (Dkt. No. 5). After a review of those Proposed Findings and Recommendations, and the objections received thereto, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations in their entirety.

The Court writes separately to address plaintiff Willard E. Berry's objections (Dkt. No. 8). In his objections, Mr. Berry contends that he was in segregation and was not permitted to send mail until September 21, 2015. He states that he received mail from this Court that was postmarked August 17, 2015, but he did not receive that mail until September 11, 2015. He further states that he got out of segregation on September 18, 2015, but mail did not go out until September 21, 2015. Therefore, Mr, Berry requests that this Court accept his amended complaint, filed on September 24, 2015, and not dismiss his complaint (Dkt. No. 6).

On August 14, 2015, this Court entered an Order directing Mr. Berry to amend his complaint (Dkt. No. 3). The Court ordered that Mr. Berry's amended complaint should: (1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue, (2) provide specific facts against each named defendant in a simple, concise, and direct manner, (3) indicate whether he is suing each defendant in his/her individual or official capacity, or in both capacities,

and (4) state how he was harmed. The Court further directed Mr. Berry to set forth specific facts concerning the allegations he makes including, where applicable, dates, times and places.

The Court notes that Mr. Berry failed to comply timely with this Court's August 14, 2015, Order. Although he admits that he received this Court's Order on September 11, 2015, he did not attempt to mail his amendment, by his own admission, until September 18, 2015. Pro se litigants are not excused from complying with court orders or substantive and procedural law. *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988). The Court acknowledges that Mr. Berry contends that he was in segregation during the relevant time period.

This Court has reviewed Mr. Berry's proposed amended complaint and, even if that proposed amended complaint had been filed timely and all factual allegations were accepted as true, it does not set forth specific facts against each named defendant alleging how their purported conduct harmed Mr. Berry. Further, the proposed amended complaint does not state how Mr. Berry was harmed. In his amended complaint, Mr. Berry alleges that he is a "heart, lung, and kidney patient" and that he "can't get proper healthcare here." Mr. Berry contends that he cannot use a regular toilet because of knee problems and that he needs a knee replacement. Mr. Berry does not include any specific facts regarding his heart, lung, and kidney problems, and he has not pointed to any specific treatment that he contends has been denied. Although he alleges that he requires knee replacement surgery, he does not allege that he has requested that surgery and been denied treatment.

Mr. Berry has included a sole reference, with no further development, that he believes his confinement violates the Eighth Amendment. In order to support a claim for an Eighth Amendment violation, Mr. Berry must allege that the defendants were deliberately indifferent to a serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Mr. Berry has not made such an allegation in

either his complaint or his proposed amended complaint.

Therefore, it is ordered that:

1. Mr. Berry's Complaint against the defendants is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitutes a "strike" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal from an Order and Judgment dismissing this action would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

It is so ordered this 20th day of November, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE